# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 19-11650-MER |
| Skin PC | ) | Chapter 11 |
| Tax ID / EIN: 46-5652384 | ) | |
| | ) | |
| _____Debtor._____ | ) | _____ |
| In re: | ) | |
| | ) | Case No. 19-11659-MER |
| Lake Loveland Dermatology, P.C. | ) | Chapter 11 |
| Tax ID/EIN: 84-0825679 | ) | |
| | ) | |
| _____Debtor._____ | ) | _____ |
| In re: | ) | |
| | ) | Case No. 19-11647-MER |
| KEVIN JOHN MOTT | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | **Joint Administration Under** |
| | ) | **Case No. 19-11650-MER** |

### MOTION FOR IMMEDIATE POSSESSION OF THE PROPERTY AT 776 W. EISENHOWER BOULEVARD, LOVELAND, COLORADO AND FOR RELIEF FROM THE AUTOMATIC STAY

790 Eisenhower, LLC ("**Eisenhower**"), by and through its undersigned counsel, hereby moves the Court for entry of an order granting Eisenhower immediate possession of the property ("**Motion for Possession**") located at 776 W. Eisenhower Boulevard, Loveland, Colorado 80537 ("**Loveland Premises**"). Debtor-in-possession Lake Loveland Dermatology, PC ("**LLD**") leased the Loveland Premises from Eisenhower. LLD failed to timely file a motion to assume the operative 2016 Lease (as defined herein) and the deadline for LLD to file such a motion has passed. Thus, by operation of 11 U.S.C. § 365(d)(4)(A), Eisenhower is automatically entitled to immediate possession of the Loveland Premises and, to the extent necessary, relief from the automatic stay sufficient to obtain possession. In support of its Motion, Eisenhower respectfully

states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion for Possession under 28 U.S.C. §§ 157 and 1334.

2. This Motion for Possession raises a core matter under 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue of this Motion for Possession is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. LLD did not timely move to assume the 2016 Lease prior to the Court-approved extended deadline for assumption or rejection. Therefore, by operation of 11 U.S.C. § 365(d)(4), the 2016 Lease is deemed rejected and Eisenhower is entitled to immediate possession of the Loveland Premises. In the alternative, and in compliance with LBR 4001-1(a)(4)(A), relief from the automatic stay is sought under 11 U.S.C. § 363(d)(1) for "cause" as a result of LLD's failure to timely assume the 2016 Lease in conjunction with 11 U.S.C. § 365(d)(4).

## BACKGROUND

5. On June 1, 2016, LLD as tenant, and Eisenhower as landlord and owner, entered into a Lease Agreement ("**2016 Lease**") for certain nonresidential real property known by street address as 776 W. Eisenhower Boulevard, Loveland, Colorado 80537 ("**Loveland Premises**") for a term of ten years commencing on June 1, 2016. A true and complete copy of the 2016 Lease is attached hereto as <u>Exhibit 1.</u> By its terms, the 2016 Lease is an unexpired lease.

6. On March 8, 2019, LLD filed its chapter 11 voluntary petition.

7. On June 24, 2019, the Court entered its Order Granting Extension of Time to Determine Whether to Assume or Reject Real Property Lease, whereby the deadline for LLD to

assume or reject the real property lease for the Loveland Premises was extended for ninety (90) days, through and including October 7, 2019. *See* Order, Case No. 19-11650-MER [Doc. 101].

8. On August 21, 2019, LLD filed a Motion to Assume Lease Agreement dated November 1, 2011, in which LLD attempted to assume an expired lease for the Loveland Premises. On September 26, 2019, following oral argument, this Court denied LLD's Motion to Assume Lease Agreement dated November 1, 2011. *See* Minute Order dated September 26, 2017, Case No. 19-11650-MER [Doc. 143].

9. On September 9, 2011, LLD filed a Motion to Reject the 2016 Lease (along with a 2012 lease). On September 23, 2019, Eisenhower filed a Limited Objection to the Motion to Reject in which Eisenhower *did not object* to LLD's rejection of the 2016 Lease.[1]

10. LLD has not withdrawn its Motion to Reject the 2016 Lease; and LLD did not move the Court to assume the 2016 Lease prior to the October 7, 2019 deadline or as of the date of filing this Motion for Possession.

**ARGUMENT**

Section 365(d)(4) of the Bankruptcy Code requires a debtor-in-possession decide whether to assume or reject a lease within 120 days after the entry of the order for relief or within a subsequent 90 days if the bankruptcy court so orders upon motion by the debtor. If the debtor-in-possession fails to file a motion to assume within the requisite time period, the lease "shall be deemed rejected, and the [debtor-in-possession] shall immediately surrender the nonresidential real property to the lessor."

Pursuant to this Court's Order dated June 24, 2019 [Doc. 101], the last day for LLD to

---

[1] No certificate of contested matter has been filed in connection with LLD's Motion to Reject the 2012 Lease and 2016 Lease, and that motion is now moot as to the 2016 Lease. Relevant here, LLD indicated its intent to reject the 2016 Lease and Eisenhower does not oppose that relief. Eisenhower opposed the request for LLD to condition rejection of the 2016 Lease in any manner, and 11 U.S.C. § 365(d) does not authorize conditional rejection of an unexpired lease.

{Z0289298/4 }

file a motion to assume the 2016 Lease was October 7, 2019. LLD did not file a motion to assume the 2016 Lease. Once the applicable assumption period under 11 U.S.C. § 365(d)(4) has expired, the statutory deadline may not be retroactively extended. 11 U.S.C. § 365(d)(4)(B)(i); *see also in re Southern Motel Assocs., Ltd.*, 81 B.R. 112, 118 (Bankr. M.D. Fla. 1987) ("To allow a retroactive extension of time in which to move for assumption would defeat congressional intent and would soften the harsh edges of the law. The Court is unwilling to so act."); *In re Food Barn Stores, Inc.*, 174 B.R. 1010, 1016 (Bankr. W.D. Mo. 1994) (holding that the court lacked authority to authorize assumption of a lease once the lease has been rejected under 11 U.S.C. § 364(d)(4)). Indeed, the legislative history of § 365(d)(4) indicates that the provision requiring "prior written consent of lessor" for any additional extension of the 120 day period in excess of 90 days, was "designed to remove the bankruptcy judge's discretion;" and a bankruptcy court has "no authority to grant further time unless the lessor has agreed in writing to the extension." H.R. Rep. No. 109-31, Pt.1, p. 86 109th Cong. 1st Sess (2005), reprinted in E-2 *Colliers on Bankruptcy*, App. Pt. 10(b) at 10-354 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2012). Eisenhower has not consented to any additional extension of the October 7, 2019 deadline herein.

      Accordingly, LLD's choice to not assume the 2016 Lease results in the 2016 Lease being "deemed rejected" and Eisenhower is entitled to immediate possession of the Loveland Premises. 11 U.S.C. § 365(d)(4)(A); *In re The Deli Den*, 425 B.R. 725, 726-27 (Bankr. S.D. Fla. 2010); *J & M Food Servs., LLC v. Camel Investment L.L.C. (In re J & M Food Servs., LLC)*, No. 17-1291, 2018 WL 1354335 at *3 (B.A.P. 9th Cir. Mar. 14, 2018) (*aff'd* 770 Fed. Appx. 865 (9th Cir. 2019)); *Tenucp Prop. LLC v. Riley (In re GCP CT School Acquisition, LLC)*, 429 B.R. 817, 825 (1st Cir. BAP 2010); *Ga. Capital Group, LLC v. Strick Chex Newnan One, LLC (In re Strick Chex Newnan One, LLC)*, No. 15-11275, 2016 WL 3135749 at *4 (Bankr. N.D. Ga. May 12,

2016).

Because rejection of lease deprives a debtor and its estate from the right of possession of the nonresidential real property, many courts believe that such property ceases to be property of the estate and relief from the automatic stay is not necessary. *The Deli Den*, 425 B.R. at 726-27 ("Additionally, it is widely held that, 'the broad equitable powers of bankruptcy judges *all weigh in favor of granting a surrender order to a lessor* who, under the terms of the provision, clearly deserves one.'") (quoting and adding emphasis to *In re Sok Jun Kong*, 162 B.R. 86, 98 (Bankr. E.D.N.Y. 1993)); *In re Damianopoulos*, 93 B.R. 3, 6 (Bankr. N.D.N.Y. 1988); *see also Ariz. Appetito's Stores, Inc. v. Paradise Village Investment Co. (In re Ariz. Appetito's Stores, Inc.)*, 893 F.2d 216, 219 (9th Cir. 1989) (holding that § 364(d)(4) is self-executing); *In re U.S. Fax, Inc.*, 114 B.R 70 (E.D. Pa. 1990) (reversing bankruptcy court and ordering immediate surrender of the premises). Eisenhower agrees with the reasoning of this view in light of the plain language of 11 U.S.C. § 364(d)(4)(A).

Courts that disagree with this reasoning (or that do not decide the question) simply grant relief from the automatic stay so that the lessor may retake possession. *J & M Food Servs., LLC*, 2018 WL 1354335; *Strick Chex Newnan One*, 2016 WL 3135749 at *3 ("Though the effect of the 'surrender' clause on the relief available to lessors whose leases have been rejected is a debated question, the courts are unanimous that they are entitled to some form of relief, be it lifting the automatic stay or an order directing the surrender of the property.") (granting stay relief); *In re Tri-Glied, Ltd.*, 179 B.R. 1014, 1024 (Bankr. E.D.N.Y. 1995) ("Moreover, to the extent that MPC may be stayed from regaining possession of the Premises it is entitled to have that stay terminated."); *see also In re Swiss Hot Dog Co.*, 72 B.R. 569 (D.Colo. 1987) (affirming order annulling the automatic stay because debtor rejected lease by failing to file a motion for assumption with the requisite time period). To the extent this Court determines 11 U.S.C. §

{Z0289298/4 }

364(d)(4)(A) is ambiguous, Eisenhower seeks relief from automatic stay to proceed with its state law remedies to acquire possession of the Loveland Premises forthwith.

In summary, because the extended 210-day period for LLD to assume the Lease has expired, Eisenhower seeks entry of an Order authorizing immediate possession of the Loveland Premises.

WHEREFORE, Eisenhower respectfully requests that the Court enter an order granting the Motion for Possession and ordering LLD to immediately vacate and surrender the Loveland Premises no later than seven (7) calendar days after entry of the order, and in the alternative, granting stay relief to the extent necessary for Eisenhower to regain possession of the Loveland Premises, and for such other and further relief the Court deems proper.

Dated: October 11, 2019

MARKUS WILLIAMS YOUNG & HUNSICKER, LLC

/s/Matthew T. Faga
Matthew T. Faga, Reg. No. 41132
Jennifer M. Salisbury, Reg. No. 37168
1700 Lincoln Street, Suite 4500
Denver, CO   80203
Phone Number: (303) 318-0120
mfaga@markuswilliams.com
jsalisbury@markuswilliams.com

COUNSEL FOR 790 EISENHOWER, LLC