UNITED STATES BANKRUPTCY COURT
District of Colorado

| | | |
|---|---|---|
| In re: | ) | |
| SKIN PC, | ) | Case No. 19-11650 MER |
| Debtor. | ) | Chapter 11 |
| | ) | |
| In re: | ) | |
| KEVIN JOHN MOTT, | ) | Case No. 19-11647 MER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| LAKE LOVELAND DERMATOLOGY, P.C. | ) | Case No. 19-11659 MER |
| a Colorado professional corporation | ) | Chapter 11 |
| EIN 84-0825679 | ) | |
| Debtor. | ) | Jointly administered |
| | ) | Under Case No. 19-11650 |
| | ) | MER |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Debtor-in-Possession, Lake Loveland Dermatology, P.C. ("LLD") and 790 Eisenhower, LLC ("Eisenhower") (collectively, the "Parties"), through their undersigned counsel, submit this Joint Motion to Approve Settlement Agreement and in support thereof, state as follows:

### I.    Background.

1.    On June 1, 2016, LLD as tenant, and Eisenhower as landlord and owner, entered into a Lease Agreement ("2016 Lease") for certain nonresidential real property known by street address as 776 W. Eisenhower Boulevard, Loveland, Colorado 80537 ("Loveland Premises").

2.      On March 8, 2019 (the "Petition Date"), LLD filed a petition with the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code, Case No. 19-11659-MER (the "Chapter 11 Case").

3.      The Chapter 11 Case is being jointly administered under the lead case styled *In re Skin, P.C.*, Case No. 19-11650-MER.

4.      LLD is operating and managing its business as a debtor in possession pursuant 11 U.S.C. §§ 1107(a) and 1108.

5.      On August 9, 2019, LLD commenced an adversary proceeding against Eisenhower styled *Lake Loveland Dermatology, P.C. v. 790 Eisenhower, LLC*, Adversary Proceeding No. 19-1233-MER ("Adversary Proceeding").  On August 30, 2019, Eisenhower filed its Motion to Dismiss Adversary Complaint and LLD timely filed its objection thereto.  The Motion to Dismiss Adversary Complaint is pending before the Bankruptcy Court.

6.      On November 13, 2019, the Bankruptcy Court entered its Order (Docket No. 176; Lead Bankruptcy Case No. 19-11650-MER) ("Order for Possession") awarding "immediate possession" of the Loveland Premises to Eisenhower and deeming the 2016 Lease rejected.

7.      On December 31, 2019, the Bankruptcy Court entered its Order denying LLD's motion to reconsider the Order for Possession (Docket No. 196; Lead Bankruptcy Case No. 19-11650-MER) ("Order Denying Motion to Reconsider").

8.     LLD filed a Notice of Appeal and an Amended Notice of Appeal concerning the Order for Possession and Order Denying Motion to Reconsider, which appeal was docketed in the U.S. District Court for the District of Colorado at Case No. 19-cv-03250-REB ("District Court Appeal").

9.     The proposed settlement agreement, attached hereto as **Exhibit 1** (the "Settlement Agreement"), fully, finally and forever compromises, resolves, discharges and settles any and all claims between LLD and Eisenhower that relate to or arise out of the 2016 Lease, Loveland Premises, Adversary Proceeding, Order for Possession, Order Denying Motion to Reconsider and District Court Appeal (excluding any lease rejection damages claims), and any and all allegations that were made or that could have been made in connection with the same.

10.    The Settlement Agreement was fully executed on January 13, 2020.

11.    The material terms of the Settlement Agreement are as follows:

a. LLD delivers to Eisenhower a settlement payment in the total amount of $17,030.00 ("Settlement Payment") within fourteen (14) days from LLD's execution of the Settlement Agreement;

b. On May 31, 2020 ("Surrender Date"), LLD shall quit and surrender possession of the Loveland Premises to Eisenhower, including return of all keys and entry cards, in good and "broom clean" condition and repair, together with all alterations, fixtures, installations, additions, and improvements which may have been made in or attached on or to the

Loveland Premises.  Prior to the Surrender Date, LLD will repair any damage to the Loveland Premises caused thereby;

c.  LLD shall remain in possession of the Loveland Premises through the Surrender Date under the terms of the 2016 Lease, including but not limited to LLD timely paying to Eisenhower's property manager monthly rent in the amount of $27,932.94 per month for January 2020 through and including May 2020, and LLD timely and directly paying to service providers any and all expenses as incurred for the maintenance of the exterior common areas of the building, including cleaning of parking and landscape areas, snow removal and all other ordinary maintenance services for the exterior common areas of the Loveland Premises through and including the Surrender Date;

d.  LLD shall cooperate with Eisenhower and consents that Eisenhower may enter and show the Loveland Premises to any prospective renters or buyers during and after business hours through the Surrender Date, provided that Eisenhower provides twenty-four (24) hour notice to LLD before such showings;

e.  The 2016 Lease shall be deemed terminated on the Surrender Date;

f.  Eisenhower shall have forty-five (45) days from the Surrender Date within which to file its proof of claim for rejection damages in connection

with the 2016 Lease and Loveland Premises, including but not limited to claims for damages under 11 U.S.C. §§ 365(d)(3) and 502(b)(6);

g.  No later than three (3) business days from entry of an order approving the Settlement Agreement, LLD shall cause the Adversary Proceeding to be dismissed with prejudice pursuant to a *Stipulated Order of Dismissal With Prejudice* in a form mutually agreeable by the Parties;

h.  No later than three (3) business days from entry of an order approving the Settlement Agreement, LLD shall cause the District Court Appeal to be dismissed with prejudice pursuant to a *Stipulated Order of Dismissal With Prejudice* in a form mutually agreeable by the Parties.

## II.  The Settlement Agreement is in the best interests of LLD's estate and its creditors.

12.  "To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).  In assessing a request to approve a compromise under Rule 9019(a), "a court's general charge is 'to determine whether the settlement is fair and equitable and in the best interests of the estate.'" *Official Comm. of Unsecured Creditors v. W. Pac. Airlines, Inc. (In re W. Pac. Airlines, Inc.)*, 219 B.R. 575, 579 (D. Colo. 1998) (quoting *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989)).  Although the Court has discretion to approve a compromise under Rule 9019(a), *see Kaiser Steel*, 105 B.R. at 978, its decision "must be an informed one based

upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

13.     In considering whether to approve a settlement, bankruptcy courts consider four primary factors: "the probable success of the underlying litigation on the merits, the possible difficulty in collection of a judgment, the complexity and expense of the litigation, and the interests of creditors in deference to their reasonable views." *Kopp v. All Am. Life Ins. Co. (In re Kopexa Realty Venture Co.)*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997); *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 977 (D. Colo. 1989). Courts also recognize that deference should be given to the business judgment of the Receiver. *See, e.g.*, *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006) (deferring to the business judgment of the bankruptcy trustee).

14.     Considering these factors, the Court should approve the Settlement Agreements.

15.     LLD and Eisenhower have been engaged in contentious litigation since August 2019. While both Parties are confident in their respective litigation positions, the Settlement Agreement is intended to resolve all disputes among the Parties and the potential claims and disputes that have arisen or are anticipated to arise in this case without further expense or litigation risk. And, the dismissal of the several pending actions between the Parties eliminates significant litigation costs for LLD's Estate.

16.     Moreover, the Settlement Agreement allows LLD to maintain its ethical obligations to its patients while continuing to generate revenue at the Premises for several more months.

17.     In light of the substantial expense, delay, and the uncertainty of litigation, the Parties believe the Settlement Agreement is fair, reasonable, and in the best interests of all Parties, including LLD's Bankruptcy Estate.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the Settlement Agreement.

DATED this 15th day of January, 2020.

Respectfully submitted,

Allen Vellone Wolf Helfrich & Factor P.C.

/s/ Jordan Factor
Jordan Factor, Esq.
Michael Gilbert, Esq.
Jeremy T. Jonsen, Esq.
1600 Stout Street, Suite 1100
Denver, Colorado 80202
Phone: (303) 534-4499
jfactor@allen-vellone.com
mgilbert@allen-vellone.com
jjonsen@allen-vellone.com

Markus Williams Young & Hunsicker LLC

*/s/Matthew T. Faga*
Matthew T. Faga, Esq.
1700 Lincoln Street, Suite 4550
Denver, CO 80203
Phone: (303) 830-0800
mfaga@markuswilliams.com